IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHRISTOPHER MONDRAGON,**

       **Plaintiff,**

vs.                                                              No. CIV-05-1037 RLP/LFG

**JAMES WILLIAM THOMPSON**
**and JOSE LEON FLORES,**

       **Defendants.**

**MEMORANDUM OPINION AND ORDER**
**GRANTING SUMMARY JUDGMENT**
**and**
**JUDGMENT**

This matter comes before the court on the Motion to Dismiss for failure to State a claim upon which relief can be granted and lack of subject matter jurisdiction filed by Defendants Thompson and Flores ["State Defendants" herein]. [Docket No. 14]. The Motion addresses Plaintiff's claims of Wrongful Detention and Failure to Train and Supervise. Matters outside the pleadings have been presented to and considered by the Court.[1] Accordingly, this motion shall be treated as a motion for summary judgment. The Court finds that the parties had sufficient notice that the matter would be decided on summary judgment Fed. R. Civ. P. 12(b). [See Docket No. 28].

<u>Standards for Summary Judgment</u>

Summary judgment is appropriate when the moving party can demonstrate that there is no

---

[1] Plaintiff's Complaint did not state the dates specific discriminatory acts alleged therein occurred. Accordingly, this Court entered its *sua sponte* Order, requiring the parties to stipulate to those dates, or if no stipulation could be reached, advising them that an evidentiary hearing would be set. [Docket No. 26]. On May 26, 2006, the Parties filed a document titled "Certificate" which set out the dates of the specific discriminatory acts alleged in Plaintiff's Complaint. [Docket No. 27]. On May 30, 2006, the Court entered its second *sua sponte* Order, granting the Parties until June 9, 2006, to present any additional material pertinent to Defendants' Motion to Dismiss, pursuant to F.R.Civ.P. 12(b). [Docket No. 28].

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598 (1970); *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995). The party moving for summary judgment has the initial burden of establishing through admissible evidence in the form of depositions, answers to interrogatories, admissions, affidavits or documentary evidence, that there is an absence of evidence to support the opposing party's case and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 325; 106 S.Ct. 2548, 2554 (1986).

Once the moving party meets its burden, the party opposing the motion must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 106 S.Ct. 2505, 2510 (1986); *Biester v. Midwest Health Servs, Inc.*, 77 F.3d 1264, 1266 (10th Cir. 1996). The party opposing the motion may not rest upon the mere denials of his pleadings to avoid summary judgment. Fed. R. Civ. P. 56(e); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). "The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is 'genuine.'" *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997). The Court in considering a motion for summary judgment construes the factual record and the reasonable inferences therefrom in the light most favorable to the party opposing the motion. *Foster v. Alliedsignal, Inc.*, 293 F.3d 1187 (10th Cir. 2002).

Having considered the motion, the memoranda and other submissions of the parties, the Court concludes that summary judgment should be granted in favor of the State Defendants.

Discussion

*For the purposes of this Motion,* the facts are not in dispute: Plaintiff was falsely arrested and illegally detained due to the misconduct of the State defendants. Specifically, in order to illegally detain Plaintiff:

- ?     Defendant Thompson forged the signature of his supervisor, Defendant Flores, onto an arrest warrant dated June 26, 2003.

- •     In mid-August 2002, Defendant Thompson lied to the New Mexico State District court regarding the existence of an outstanding Texas warrant for Plaintiff's arrest in order to procure Plaintiff's arrest and continued detention.

- •     In late-August 2002, Defendant Thompson lied to Texas authorities in an effort to obtain a Texas arrest warrant in order to procure Plaintiff's arrest and continued detention.

- •     Defendant Flores failed to adequately supervise and train Defendant Thompson.

(Complaint, Docket No. 1 ¶¶ 14-21; Docket No. 27).

Plaintiff was released from custody on September 25, 2002. He filed this action pursuant to 42 U.S.C. §1983, on Monday, September 26, 2005.

The parties agree that the three-year statute of limitations set out in N.M.Stat.Ann. 2005, §37-1-8 (2001) is applicable to claims brought under 42 U.S.C. §1983.[2] The determinative issue is when Plaintiff's cause of action accrued for the purposes of determining whether the statute of limitations expired prior to the filing of his Complaint.

---

[2]The applicable statue of limitations for a civil rights action in New Mexico is three years. *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985).

Federal law determines the accrual of §1983 claims. *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). Section 1983 actions accrue when the plaintiff knows or has reason to know of the injury which is the basis of his action. *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991). "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Id*. Plaintiff contends that under the continuing tort or continuing violation doctrine, his continued wrongful incarceration extended the accrual period for this action up to the date he was released from custody.

The 10th Circuit has not decided whether the continuing violation doctrine is applicable to a §1983 claim. What is clear is that a necessary element of the doctrine is the occurrence of at least one discriminatory act within the filing period. *Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1543 (10th Cir. 1987). "[A] plaintiff may not use the continuing violation theory to challenge discrete actions that occurred outside the limitations period even though the impact of the acts continues to be felt." *Pike v. City of Mission*, 731 F.2d 655, 660 (10th Cir. 1984 (*en banc*), *see also Bergman v. United States*, 751 F.2d 314, 317 (10th Cir. 1984) ("A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from the original violation." (citation and quotation omitted).

Plaintiff's arrest and continued detention was occasioned by discrete acts occurring no later than late-August, 2002. Plaintiff's cause of action for illegal arrest accrued on the date of that arrest. To the extent Plaintiff has stated a separate cause of action for continued illegal detention, that cause of action accrued no later than dates of Defendants' discrete illegal actions as set forth in ¶¶ 19 and 20 of Plaintiff's Complaint, that is, no later than late August, 2002. [Docket No.1, ¶¶ 19 and 20;

Docket No. 27]. Accordingly, Plaintiff's Complaint, filed September 26, 2005, was not filed within the applicable three-year statute of limitations, and his claims are time-barred.

<u>Judgment</u>

This matter having been submitted on State Defendants' motion to dismiss this cause for failure to state a claim upon which relief can be granted; the Court, upon notice to the parties having treated the motion as one for summary judgment and proceeded pursuant to the provisions of Rules 12(b) and 56, Fed.R.Civ.P.; having found that the motion has merit, and having entered a Memorandum Opinion and Order granting the motion,

**IT IS THEREFORE ORDERED** that Judgment is entered for Defendants James William Thompson and José Leon Flores in this cause, and this action is dismissed with prejudice.

_____
Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

5